Craig **GARDNER** and Thelma
Gardner, Petitioners,

v.

**U.S. IMAGING, INC.** d/b/a Sadi Pain
Management and Berney Keszler,
M.D., Respondents.

No. 08–0268.

Supreme Court of Texas.

Dec. 19, 2008.

Elizabeth Leslie Higginbotham, Higginbotham & Associates, Austin, and William M. Nichols, William M. Nichols, P.C., San Antonio, TX, for Petitioner.

Lynn Cullen Moore, Debra Ibarra Mayfield, Nathan Montgomery Rymer, Rymer Moore Jackson & Echols, P.c., Houston,

Michael J. Morris, Morris & Allen, and Stephanie S. Bascon, Law Office of Stephanie S. Bascon PLLC, New Braunfels, TX, Respondent.

PER CURIAM.

Craig Gardner and Thelma Gardner brought this health care liability suit against Dr. Berney Keszler, who performed a lumbar epidural procedure on Craig, and U.S. Imaging, Inc. d/b/a SADI Pain Management ("SADI"), the owner and operator of the facility where the procedure was performed. The Gardners served an expert report on Dr. Keszler and SADI, who both contested the report as untimely and deficient. *See* TEX. CIV. PRAC. & REM.CODE § 74.351(a). The trial court denied the defendants' motion to dismiss the suit, but the court of appeals determined the report was deficient and ordered the case dismissed. 274 S.W.3d 693, 694, 2007 WL 4547506. Although we do not disturb the court of appeals' determination that the report was deficient, in light of our decision in *Leland v. Brandal,* 257 S.W.3d 204 (Tex.2008), we vacate the court of appeals' judgment and remand the case to the trial court to consider granting the Gardners an extension to cure under section 74.351(c) of the Texas Civil Practice and Remedies Code.

On August 24, 2006, the Gardners filed this suit alleging that Dr. Keszler was negligent in choosing to perform a lumbar epidural procedure, that he did not conform to the standard of care while performing the procedure, and that he failed to obtain Craig Gardner's informed consent. The Gardners contend Dr. Keszler's actions led to Craig's contracting spinal meningitis, which caused his hearing loss. Dr. Keszler timely answered the suit, and pursuant to section 74.351(a), the Gardners served Dr. Keszler with an expert report from Dr. Edson O. Parker (the "Parker report") within 120 days of filing suit. TEX. CIV. PRAC. & REM.CODE § 74.351(a).

Unlike Dr. Keszler, SADI failed to timely answer the suit and, before the 120–day period for filing an expert report expired on December 22, 2006, the Gardners moved for default judgment against SADI. The trial court rendered a default judgment on December 14, 2006, and severed the suit against SADI. Upon learning of the default judgment, SADI filed an answer in the severed suit, along with a motion for new trial and a motion to set aside the default judgment. Pursuant to the parties' agreement, the court, on February 8, 2007, granted a new trial and set aside the default judgment. In accordance with the agreed order, the Gardners nonsuited the severed suit, SADI filed an answer in the original suit on February 12, and the Gardners filed an amended petition in the original suit on February 16. On March 20, the Gardners served SADI with the expert report they had served on Dr. Keszler.

Dr. Keszler and SADI objected to the report and moved for dismissal under section 74.351(b), which provides that a health care liability suit must be dismissed if a non-compliant report is served, subject to the availability of one thirty-day extension to cure under section 74.351(c). TEX. CIV. PRAC. & REM.CODE § 74.351(b), (c); *see Lewis v. Funderburk,* 253 S.W.3d 204, 207 (Tex.2008). The trial court, presumably finding that the report complied with the statute, denied the defendants' motions to dismiss. The court of appeals reversed, however, reasoning that the report was deficient because the discussion of causation was conclusory. 274 S.W.3d at 693. The court remanded the case to the trial court to award the defendants reasonable attorneys' fees and costs pursuant to section 74.351(b). *Id.* at 696. In their motion for rehearing before the court of appeals,

the Gardners argued that, in light of our decision in *Leland*, 257 S.W.3d 204, the court of appeals should have also remanded the suit to the trial court to consider granting a thirty-day extension to cure.[1] We agree, and reject the defendants' contention that the Parker report is so deficient as to constitute no report at all. *See Ogletree v. Matthews*, 262 S.W.3d 316, 323 (Tex.2007) (WILLETT, J., concurring); *Funderburk*, 253 S.W.3d at 211 (WILLETT, J., concurring).[2]

 SADI asserts an additional challenge, contending it was not served with an expert report within the statutory deadline. Section 74.351(a) states that, within 120 days of filing an original petition, a claimant must "serve on each party or the party's attorney one or more expert reports." TEX. CIV. PRAC. & REM.CODE § 74.351(a). Because SADI was named in the original petition as a party to this suit, the Gardners were required to serve it with a report before the statutory period expired on December 22, 2006, and it is undisputed they failed to do so. However, before the 120–day period expired, SADI defaulted and judgment was taken against it. The statute does not specify the effect of a default judgment on the 120–day period. But the effect of default on a plaintiff's claim for unliquidated damages is clear: once a default judgment is taken, all factual allegations contained in the petition, except the amount of damages, are deemed admitted. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex.1992). In light of the expert-report requirement's dual purpose to inform the served party of the conduct called into question and to provide a basis for the trial court to conclude that the plaintiff's claims have merit, it makes little sense to require service of an expert report on a party who by default has admitted the plaintiff's allegations. Moreover, our jurisprudence requires that, for a default judgment to be set aside, the plaintiff must be placed "in no worse position than he would have been had an answer been filed...." *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 125 (1939). Accordingly, when SADI failed to timely answer the Gardners' suit by the Monday following the expiration of twenty days after it was served, *see* TEX.R. CIV. P. 99(b), the statutory period for serving it with an expert report was tolled until such time as SADI made an appearance. Once the default judgment was set aside and SADI filed an answer, tolling ended and the Gardners had 100 days remaining in which to serve SADI with an expert report. SADI filed an answer in the original suit on February 12, and the Gardners served it with an expert report on March 20, well within the remaining statutory period.

 SADI additionally contends it was not served with an expert report because the report that was served does not mention SADI or implicate its behavior. The Gardners respond that because SADI's alleged liability is purely vicarious in nature, the report as to Dr. Keszler was sufficient. To the extent the allegations against SADI are based upon respondeat superior, we agree with the Gardners. When a party's alleged health care liability is purely vicar-

---

1. Because the Gardners argued that the trial court's decision should have been affirmed, and remand constitutes lesser included relief, the Gardners need not have requested an extension earlier to preserve such relief. *See Martinez–Partido v. Methodist Specialty & Transplant Hosp.*, 267 S.W.3d 881 (Tex.2008).

2. The defendants additionally contend the report is deficient because Dr. Parker was not qualified to render an opinion. Because such a deficiency would be subject to cure on remand, we do not address the defendants' challenge to Dr. Parker's qualifications. *Funderburk*, 253 S.W.3d at 207.

ious, a report that adequately implicates the actions of that party's agents or employees is sufficient. *See Univ. of Tex. Med. Branch v. Railsback,* 259 S.W.3d 860, 864 (Tex.App.-Houston [1st Dist.] 2008, no pet.); *Univ. of Tex. Sw. Med. Ctr. v. Dale,* 188 S.W.3d 877, 879 (Tex.App.-Dallas 2006, no pet); *Casados v. Harris Methodist H–E–B,* No. 2–05–080–CV, 2006 WL 2034230, at *1-*2, 2006 Tex.App. LEXIS 6357, at *12–*13 (Tex.App.-Fort Worth July 20, 2006, no pet.) (not designated for publication). Thus, to the extent the Gardners allege that SADI is liable only vicariously for Dr. Keszler's actions, the expert report requirement is fulfilled as to SADI if the report is adequate as to Dr. Keszler.

We grant the petition and, without hearing oral argument, reverse the court of appeals' judgment and remand to the trial court for further proceedings consistent with this opinion. *See* Tex.R.App. P. 59.1, 60.2(f).