

NUMBER 13-08-00307-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSE R. CARRERAS, M.D.,                                                    Appellant,

v.

JOSE G. ZAMORA,                                                            Appellee.

### On appeal from the County Court Law No. 6
### of Hidalgo County, Texas.

# O P I N I O N

### Before Justices Rodriguez, Garza, and Vela
### Opinion by Justice Rodriguez

Appellant Jose R. Carreras, M.D. appeals from the trial court's denial of his motion

to dismiss health care liability claims brought by appellee Jose G. Zamora. By one issue,

Dr. Carreras contends that the court abused its discretion in failing to dismiss the claims

because he was not timely served with Zamora's expert report or, in the alternative, because the expert report was inadequate under the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.351 (Vernon Supp. 2008), 74.401 (Vernon 2005). Dr. Carreras also complains that the trial court erred in refusing to award him attorney's fees under the civil practice and remedies code. *See id*. § 74.351(b)(1). We reverse and remand.

BACKGROUND

Zamora filed his original petition on August 28, 2007, alleging health care liability claims against Dr. Carreras. In his petition, Zamora claimed that Dr. Carreras acted negligently in connection with a knee replacement surgery performed on Zamora. It is undisputed by the parties that Dr. Carreras was not served with citation and Zamora's petition until January 8, 2008. On January 25, 2008, Dr. Carreras filed his original answer.

In the period between the filing of Zamora's lawsuit and the date Dr. Carreras was served with process, Zamora attempted to serve Dr. Carreras, through his counsel, with Zamora's expert report. Zamora claims Dr. Carreras was served with the expert report in late December 2007. Dr. Carreras denies ever receiving the report.

On February 21, 2008, Dr. Carreras filed his motion to dismiss Zamora's health care liability claims, contending that Zamora failed to serve him with an expert report and curriculum vitae within 120 days of the filing of the original petition. *See id*. § 74.351(a). After hearing Dr. Carreras's motion, the trial court entered an order denying the motion to dismiss. This interlocutory appeal ensued. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (Vernon 2008) (authorizing an interlocutory appeal of the denial of a motion to dismiss filed under section 74.351(b)).

2

## STANDARD OF REVIEW

We review a trial court's decision on a motion to dismiss under section 74.351 of the civil practice and remedies code for abuse of discretion. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001); *Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006). The trial court abuses its discretion if it acts unreasonably or arbitrarily or without reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003).

## DISCUSSION

In his sole issue, Dr. Carreras argues that the trial court erred in denying his motion to dismiss Zamora's health care liability claims. Specifically, Dr. Carreras contends that Zamora's claims should have been dismissed because his expert report was not timely served on Dr. Carreras. We agree.

Under section 74.351 of the Texas Civil Practice and Remedies Code, a claimant must "serve on *each party or the party's attorney*" an expert report and curriculum vitae "not later than the 120th day after the date the original petition was filed." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (emphasis added). "[T]o be a 'party' to a lawsuit, one must generally be served, accept or waive service, or make an appearance." *Yilmaz v. McGregor*, 265 S.W.3d 631, 637 (Tex. App.–Houston [1st Dist.] 2008, pet. denied) (citing *Ex parte Bowers*, 886 S.W.2d 346, 349 (Tex. App.–Houston [1st Dist.] 1994, writ dism'd w.o.j.)); *see also* TEX. R. CIV. P. 124 (stating that a judgment shall not be rendered "against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by defendant"). Just because a person is named in a petition does not mean

3

that person is a "party" to the lawsuit. *See Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991). Moreover, "'[a] party who becomes aware of the proceedings without proper service of process has no duty to participate in them.'" *Ross v. Nat'l Ctr. for the Employment of the Disabled*, 197 S.W.3d 795, 797-98 (Tex. 2006) (quoting *Caldwell v. Barnes*, 154 S.W.3d 93, 97 n.1 (Tex. 2004)); *see also Ramos v. Richardson*, Nos. 13-05-204-CV & 13-05-205-CV, 2008 WL 1822763, at *3 (Tex. App.–Corpus Christi Apr. 24, 2008, pet. denied) (mem. op.).

Here, Zamora filed his petition on August 28, 2007; the 120th day after the filing of the petition would have been December 26, 2007. Zamora claims that he served the report on Dr. Carreras before this date. Dr. Carreras denies ever receiving the expert report, but the parties agree that Dr. Carreras had not been served with citation at the time Zamora claims to have served Dr. Carreras with his expert report. Thus, Dr. Carreras was not a "party" to the lawsuit at that time. *See Yilmaz*, 265 S.W.3d at 637; *see also* Tex. R. Civ. P. 124. Even if Zamora did effectuate service of the report before December 26, 2007, Zamora nonetheless failed to comply with section 74.351 because, absent proper service of process on Dr. Carreras at the time Zamora allegedly served the report, he did not serve the report on a "party" to his lawsuit within 120 days of the filing of his petition. *See Yilmaz*, 265 S.W.3d at 640; *see also Ramos*, 2008 WL 1822763, at *3 (reasoning that an expert report is not served on a "party" if the report is served prior to service of citation).

Important policy considerations are served by our ruling today. Dr. Carreras was under no obligation to respond to the expert report because he was not yet a party to Zamora's lawsuit. *See Yilmaz*, 265 S.W.3d at 637; *Ross*, 197 S.W.3d at 797-98. If

4

potential parties in healthcare liability claims "'were required to submit to the trial court's jurisdiction before being served,'" those parties would be "'waiv[ing] issues regarding jurisdiction and service requirements.'" *Yilmaz*, 265 S.W.3d at 638 (quoting *Ramos*, 2008 WL 1822763, at *3). "[A] defendant should not be forced to waive proper service of process to protect its rights under chapter 74" of the civil practice and remedies code. *Id*., 265 S.W.3d at 638 (citing *Ramos*, 2008 WL 1822763, at *3). Were claimants allowed to serve expert reports to all potential parties before accomplishing proper service of process, health care providers would have no choice but to expend significant resources preemptively defending themselves from lawsuits that may or may not even be filed against them. We cannot condone such a scenario.

We therefore cannot say that the trial court acted reasonably and with reference to guiding rules and principles in denying Dr. Carreras's motion to dismiss where Dr. Carreras was served with an expert report before even being served with citation of Zamora's lawsuit. Rather, we conclude that Zamora did not comply with the 120 day deadline for serving his report, and the trial court abused its discretion when it denied Dr. Carreras's motion to dismiss Zamora's claims. Dr. Carreras's first issue is sustained.[1]

Having held that the trial court erred in denying Dr. Carreras's motion to dismiss, we also conclude that Dr. Carreras was entitled to reasonable attorney's fees and costs pursuant to section 74.351. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b).

---

[1] We do not reach Dr. Carreras's sub-issues regarding the adequacy of the expert report because our decision on the timeliness of the report disposes of the appeal. *See* TEX. R. APP. P. 47.1.

5

CONCLUSION

We reverse the trial court's denial of Dr. Carreras's motion to dismiss and remand with instructions to enter an order dismissing Zamora's claims with prejudice under chapter 74 and for entry of reasonable attorney's fees and costs. *See id*.


NELDA V. RODRIGUEZ
Justice


Concurring Opinion by Justice Dori Garza

Opinion delivered and filed this
13th day of August, 2009.

6