

NUMBER 13-09-00558-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **MARIANO SALINAS, M.D.,** | **Appellant,** |

**v.**

| | |
|---|---|
| **FRANCISCO DIMAS AND NORMA BENITEZ DIMAS AS NEXT FRIENDS OF NEMESIO DIMAS, A MINOR,** | **Appellees.** |

### On appeal from the 139th District Court of Hidalgo County, Texas.

# O P I N I O N

### Before Justices Rodriguez, Garza, and Benavides
### Opinion by Justice Garza

Appellant, Mariano Salinas, M.D., challenges the trial court's denial of his motion to dismiss the health care liability claims of appellees, Francisco Dimas and Norma Benitez Dimas, as next friends of Nemesio Dimas, a minor child. By a single issue, Dr. Salinas argues that the trial court should have granted his motion to dismiss because an expert report under chapter 74 of the Texas Civil Practice and Remedies Code cannot be served on a defendant prior to that defendant having answered the lawsuit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2009). We affirm.

## I. Background

The Dimases filed suit against Dr. Salinas on February 6, 2009, alleging that Dr. Salinas "committed acts and/or omissions of negligence and gross negligence in connection with" the obstetrical care and treatment of Norma. The Dimases' original petition contended that, as "proximate results" of Dr. Salinas's negligence and gross negligence, "Nemesio Dimas sustained physical pain, past and probable future physical impairment, past and probable future disfigurement, past and probable future mental anguish, and probable future loss of earning capacity . . . ."

Dr. Salinas was served with citation and the Dimases' original petition on February 16, 2009. Also delivered to Dr. Salinas on that date was an expert medical report authored by William A. Frumovitz, M.D., accompanied by Dr. Frumovitz's curriculum vitae. *See id.* Dr. Salinas filed his original answer, generally denying all allegations, on March 5, 2009.

On September 10, 2009, Dr. Salinas moved to dismiss the suit brought by the Dimases, arguing that the Dimases had not complied with the expert report requirement prescribed in section 74.351 of the civil practice and remedies code. *See id.* § 74.351(a) ("In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted."). In his motion, Dr. Salinas asserted that (1) 120 days had passed since the filing of the Dimases' original petition, and (2) Dr. Frumovitz's expert report "was not served in accordance with rule 21a of the Texas Rules of Civil Procedure, and was therefore ineffective." *See id.*; TEX. R. CIV. P. 21a.

After a hearing on September 29, 2009, the trial court denied Dr. Salinas's motion to dismiss. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (Vernon 2008) (permitting appeal of interlocutory order denying all or part of a motion to dismiss for failure to serve an expert report in a health care liability claim).

2

## II. STANDARD OF REVIEW

We review a trial court's order denying a motion to dismiss for failure to comply with the expert report requirement under an abuse of discretion standard. *NCED Mental Health, Inc. v. Kidd*, 214 S.W.3d 28, 32 (Tex. App.–El Paso 2006, no pet.) (applying abuse of discretion standard to trial court's denial of motion to dismiss); *Kendrick v. Garcia*, 171 S.W.3d 698, 702 (Tex. App.–Eastland 2005, pet. denied) (same); *see Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001) (applying abuse of discretion standard to trial court's granting of motion to dismiss). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). However, a trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992); *Baylor Univ. Med. Ctr. v. Biggs*, 237 S.W.3d 909, 916 (Tex. App.–Dallas 2007, pet. denied). Therefore, when the issues are purely questions of law, as here, we effectively conduct a de novo review. *See Pallares v. Magic Valley Elec. Coop., Inc.*, 267 S.W.3d 67, 69-70 (Tex. App.–Corpus Christi 2008, pet. ref'd); *see also Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989) (holding that "matters of statutory construction are questions of law for the court to decide rather than issues of fact").

## III. ANALYSIS

By his sole issue, Dr. Salinas contends that the trial court erred in denying his motion to dismiss because the Dimases failed to validly serve an expert medical report.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). Dr. Salinas argues specifically that "service [of an expert report] upon a defendant healthcare provider requires rule 21a

---

[1] Dr. Salinas does not dispute that Dr. Frumovitz's report is sufficient to qualify as an "expert report" under chapter 74. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6) (Vernon Supp. 2009) (defining "expert report" as "a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed"). Rather, he claims only that the report was not "served" upon him pursuant to the applicable rules.

3

service and such service cannot be accomplished until a defendant has answered." *See* TEX. R. CIV. P. 21a. According to Dr. Salinas, because the Dimases' expert report was delivered to him prior to his having answered the lawsuit, the report was not properly "served" upon him. We disagree.

We note at the outset of our analysis that neither party disputes the applicability of rule 21a of the Texas Rules of Civil Procedure to the service of an expert report under section 74.351. *See Fulp v. Miller*, 286 S.W.3d 501, 510 (Tex. App.–Corpus Christi 2009, no pet.) (op. on reh'g) (concluding that "the Legislature intended for claimants to comply with rule 21a . . . to fulfill the requirements of section 74.351(a)"); *Univ. of Tex. Health Sci. Ctr. at Houston v. Gutierrez*, 237 S.W.3d 869, 872 (Tex. App.–Houston [1st Dist.] 2007, pet. denied) (same); *Kendrick*, 171 S.W.3d at 704 (same). Rule 21a specifically permits service of a document "by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record, as the case may be, either in person or by agent . . . ." TEX. R. CIV. P. 21a. Moreover, the parties both acknowledge that Dr. Salinas was, in fact, personally served with Dr. Frumovitz's expert report at the time he was served with citation and the Dimases' original petition. The sole question for this Court, therefore, is whether service of an expert medical report on a defendant may be effectuated prior to the defendant answering the lawsuit.

In arguing that it may not, Dr. Salinas notes that, if a claimant is permitted to serve an expert report upon a defendant before that defendant answers the lawsuit, it is possible that the deadline for challenging the expert report would expire before the deadline for filing an answer. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) ("Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived."); TEX. R. CIV. P. 99(b) ("The citation shall direct the defendant to file a written answer to the plaintiff's petition on or before 10:00 a.m. on the Monday next after the expiration of twenty days after the date of service thereof.").

4

Dr. Salinas urges that "it is unfathomable that the Legislature would allow a situation to exist where the time period to object would expire prior to the defendant's deadline to file an answer and enter an appearance."

In support of his argument, Dr. Salinas cites *Gardner v. U.S. Imaging, Inc.*, 274 S.W.3d 669, 671 (Tex. 2008) and *Morris v. Umberson*, No. 01-09-00644-CV, 2009 Tex. App. LEXIS 8577 (Tex. App.–Houston [1st Dist.] Nov. 5, 2009, pet. filed). In both cases, the defendant health care provider filed an untimely answer to the plaintiff's lawsuit. *Gardner*, 274 S.W.3d at 670; *Morris*, 2009 Tex. App. LEXIS 8577, at *2. The plaintiff then served an expert medical report on the defendant after the defendant filed its untimely answer. *Gardner*, 274 S.W.3d at 670; *Morris*, 2009 Tex. App. LEXIS 8577, at *2. The defendant argued that the expert report was untimely because it was served more than 120 days after the plaintiff's original petition was filed. *Gardner*, 274 S.W.3d at 670; *Morris*, 2009 Tex. App. LEXIS 8577, at *3. Both courts found that the 120-day deadline was tolled from the time the defendant's answer was due to the time the defendant eventually made an appearance; therefore, the expert reports were timely filed. *Gardner*, 274 S.W.3d at 671; *Morris*, 2009 Tex. App. LEXIS 8577, at *10-11. Dr. Salinas concedes that these cases are not directly on point with the issue we consider here, but notes that "in both cases, courts of appeals considered the date of the defendant's answer in tolling the 120-day expert report deadline."

We do not find *Gardner* or *Morris* to be persuasive. Neither of those cases involved a plaintiff serving an expert medical report *prior* to the date that the defendant's answer was due. To the extent that these cases considered the date of the defendant's answer, they did so only in the context of determining how long the 120-day expert report deadline would be tolled. In fact, both courts found that the 120-day period began with the filing of the claimant's original petition and that the tolling of that period commenced only upon the expiration of the defendant's time to file an answer under rule 99(b). *Gardner*, 274 S.W.3d at 671; *Morris*, 2009 Tex. App. LEXIS 8577, at *10-11.

Requiring a defendant to file any objections to an expert report prior to the deadline

5

for filing an answer to the lawsuit may seem counterintuitive, but we disagree with Dr. Salinas that the Legislature could not have intended this result. When interpreting a statute, we presume that the Legislature enacted it with complete knowledge of the existing law and with reference to that law. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009) (citing *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990)). Nothing in the rules of civil procedure states or implies, as Dr. Salinas suggests, that rule 21a service "cannot be accomplished until a defendant has answered."[2] Moreover, there is nothing in chapter 74 that could be interpreted as creating any exception to the rule that a defendant must file any objection to an expert report within twenty-one days of the service of the report. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). In enacting chapter 74, the Legislature chose not to include a provision, such as those found in many rules of civil procedure,[3] enlarging the time for a defendant to file objections to an expert report when that defendant is served with the report prior to answering the lawsuit. Under these circumstances, where the laws at issue do not actually conflict, we must adhere to the plain meaning of both rule 21a and section 74.351. *See Fitzgerald v. Advanced Spine Fixation Sys.*, 996 S.W.2d 864, 865 (Tex. 1999) ("[I]t is cardinal law in Texas that a court construes a statute "first, by looking to the plain and common meaning of the statute's words.") (quoting *Liberty Mut. Ins. Co. v. Garrison Contractors*, 966 S.W.2d 482, 484 (Tex.

---

[2] We recently held that service of an expert medical report upon an entity will be ineffective if it is done before that entity becomes a "party" to the lawsuit. *Carreras v. Zamora*, 294 S.W.3d 348, 350 (Tex. App.–Corpus Christi 2009, no pet.). In *Carreras*, the plaintiff served the defendant, Dr. Carreras, with an expert report prior to adding the doctor as a party to the lawsuit. *Id.* at 349. We concluded that, because Dr. Carreras was not a "party" at the time he was served with the report, the service was invalid. *Id.* at 349-50 (noting that section 74.351 requires service of an expert report "on each *party or the party's attorney*" (emphasis added)).

Dr. Salinas argues that he was similarly not a "party" to the Dimases' lawsuit at the time he was provided with the expert report because he had not, as of that time, made an appearance in the lawsuit. However, as we noted in *Carreras*, "[t]o be a 'party' to a lawsuit, one must generally be served, accept or waive service, *or* make an appearance." *Id.* at 350 (emphasis added) (quoting *Yilmaz v. McGregor*, 265 S.W.3d 631, 637 (Tex. App.–Houston [1st Dist.] 2008, pet. denied)). Here, it is undisputed that Dr. Salinas was served with the expert report at the same time that he was served with citation. Therefore, unlike Dr. Carreras, Dr. Salinas was a "party" to the lawsuit at the time the expert report was served; the fact that Dr. Salinas had not "made an appearance" as of that time is immaterial. *See Yilmaz*, 265 S.W.3d at 637.

[3] *See* TEX. R. CIV. P. 194.3(a) (allowing a defendant twenty additional days to answer a request for disclosure when the defendant is served with the request prior to answering the lawsuit); TEX. R. CIV. P. 196.2(a) (same for responses to requests for production and inspection); TEX. R. CIV. P. 197.2 (same for responses to interrogatories); TEX. R. CIV. P. 198.2(a) (same for requests for admissions).

1998)).  Accepting Dr. Salinas's argument here would require us to create an exception to the statute, which we are not at liberty to do.  *See Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 520 (Tex. 1995) (quoting *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex. 1968) ("The wisdom or expediency of the law is the Legislature's prerogative, not ours.").

We therefore conclude that there is nothing in the applicable rules or statutes prohibiting a health care liability claimant from serving an expert medical report on a defendant prior to that defendant having answered the lawsuit.  Accordingly, the Dimases' expert report was timely served, and the trial court did not err by denying Dr. Salinas's motion to dismiss.  Dr. Salinas's sole issue is overruled.

### IV.  MOTION FOR DISMISSAL AND SANCTIONS

In his notice of appeal and appellate brief, Dr. Salinas named the Dimases' counsel, Harold K. Tummel, as an appellee.  On December 1, 2009, Tummel filed a "Motion for Dismissal and Award of Just Damages" with this Court, asking us to dismiss the appeal as it relates to him and to award him reasonable attorney's fees as a sanction against Dr. Salinas's attorneys, Ronald G. Hole and I. Cecilia Garza.  *See* TEX. R. APP. P. 25.1(b), 45 (providing that we may "award each prevailing party just damages" if we determine that an appeal is frivolous).

Hole and Garza filed a response to Tummel's motion in which they argue that Tummel is "a necessary and proper party to this appeal as [Dr. Salinas] sought attorney's fees from both the claimant and his attorney, as authorized by statute."  The statute provides that, if a health care liability claimant does not timely serve an expert medical report, the trial court must "enter an order that . . . awards to the affected physician or health care provider reasonable attorney's fees and costs of court . . . ."  TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b).  The current version of the statute does not specify whether the claimant, the claimant's attorney, or both are potentially liable for attorney's fees; however, the previous version of the statute stated that the order for attorney's fees must be entered "against the claimant or the claimant's attorney."  *See* Act of May 5, 1995, 74th

7

Leg., R.S., ch. 140, § 13.01(e), 1995 TEX. GEN. LAWS 985, 986 (former TEX. REV. CIV. STAT. art. 4590i, § 13.01(e)), *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 TEX. GEN. LAWS 847, 884. Both parties cite the Legislature's action in 2003 as support for their positions: Hole and Garza argue that, if the Legislature intended to entirely prohibit the recovery of fees from the claimant's attorney, it would have left language in the statute stating that the order should be entered "against the claimant"; Tummel argues that, without the prior language, there is no authority supporting the imposition of sanctions against a claimant's attorney.

In at least three other appeals before this Court, Hole and Garza have named an opposing party's counsel as an appellee. *See Guerrero v. Ruiz*, No. 13-09-00150-CV, 2009 Tex. App. LEXIS 8685, at *10-11 n.2 (Tex. App.–Corpus Christi Nov. 12, 2009, no pet.) (mem. op.); *Haddad v. Marroquin*, No. 13-08-00139-CV, 2009 Tex. App. LEXIS 5674, at *10-12 n.1 (Tex. App.–Corpus Christi July 23, 2009, pet. denied) (mem. op.); *Fulp*, 286 S.W.3d at 512-13. In each case, we found that attorney's fees were unavailable because the trial court had not yet dismissed the claimant's suit; therefore, we declined to address the issue of whether section 74.351(b) permits the recovery of attorney's fees from a claimant's attorney. *Guerrero*, 2009 Tex. App. LEXIS 8685, at *10 n.2; *Haddad*, 2009 Tex. App. LEXIS 5674, at *11-12 n.1; *Fulp*, 286 S.W.3d at 513. The same result must obtain here. Because the trial court did not err in denying Dr. Salinas's motion to dismiss, Dr. Salinas is not entitled to attorney's fees under section 74.351(b). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b). We need not address whether attorney's fees would have been recoverable from Tummel had the Dimases not timely served an expert report. *See* TEX. R. APP. P. 47.1. Moreover, because we have consistently declined to address this issue, we cannot say that Hole and Garza's naming of Tummel as a party to the appeal amounts to sanctionable conduct. *See Gard v. Bandera County Appraisal Dist.*, 293 S.W.3d 613, 619-20 (Tex. App.–San Antonio 2009, no pet.) (denying appellees' motion for sanctions and finding that the appeal was not "objectively frivolous" because it raised an issue of first impression); *Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co.*, 164

8

S.W.3d 438, 448 (Tex. App.–Houston [14th Dist.] 2005, no pet.) ("We impose sanctions only under those circumstances we find truly egregious.").

We note, however, that the appellate rules provide that "[t]he filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from." TEX. R. APP. P. 25.1(b). Because Tummel was not a party to the trial court's order denying Dr. Salinas's motion to dismiss, we do not have jurisdiction over Dr. Salinas's appeal as to Tummel. *See Haddad*, 2009 Tex. App. LEXIS 5674, at *12 n.1 (concluding that the Court had no jurisdiction over appellee's attorney); *Fulp*, 286 S.W.3d at 513 (same). We therefore grant Tummel's motion to dismiss the appeal as it relates to him.

## V. CONCLUSION

Having overruled Dr. Salinas's issue, we affirm the judgment of the trial court. We further grant in part and deny in part Tummel's "Motion for Dismissal and Award of Just Damages." Specifically, we (1) dismiss the appeal as it relates to Tummel for want of jurisdiction, and (2) deny Tummel's request for sanctions.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
18th day of March, 2010.

9