NUMBER 13-10-00304-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

FERNANDO J. OTERO,
M.D., ORESTES 

MOLINA, M.D., AND
HERIBERTO 

RODRIGUEZ-AYALA, M.D.,
                                              Appellants,

 

v.

 

SENAIDA ALONZO,                                                                     Appellee.

                                                                                                                     
  

 

On appeal from the 93rd
District Court 

of Hidalgo County,
Texas.

                                
                                                                                     

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Perkes 

Memorandum Opinion by
Justice Rodriguez

 

            Appellants Fernando J. Otero, M.D., Orestes
Molina, M.D., and Heriberto Rodriguez-Ayala, M.D. challenge the trial court's
denial of their motions to dismiss appellee Senaida Alonzo's health care
liability claim.  By one issue, appellants argue that the trial court abused
its discretion in denying their motions to dismiss because Alonzo failed to
serve an expert report on appellants within the 120 days prescribed by section
74.351.  See Tex. Civ. Prac.
& Rem. Code Ann. §74.351(a)-(b) (Vernon Supp. 2010).  We reverse and
render, in part, and reverse and remand, in part.

I. 
Background

 

            On April 23, 2009, Alonzo filed suit against
appellants and the Women's Clinic of South Texas (the Clinic) claiming
negligence in connection with appellants' alleged failure to diagnose and treat
her ectopic pregnancy before emergency surgery required the removal of her left
fallopian tube and ovary.[1] 
Appellants filed their answers in May 2009.  On August 19, 2009, Alonzo filed a
notice with the trial court containing her expert report, which was authored by
Margaret Thompson, M.D.; this was two days before the 120-day deadline under
section 74.351, which would have been August 21, 2009.  See id. §
74.351(a).  It is undisputed that Alonzo served her expert report on the Clinic
on or before August 21, but failed to serve her report on appellants by that
date.

            At the beginning of September 2009,
appellants each filed motions to dismiss Alonzo's suit, arguing that Alonzo had
failed to timely serve them with her expert report and, alternatively, that the
report was deficient.  Alonzo responded to appellants' motions to dismiss,
claiming that her counsel's staff "inadvertently" failed to serve the
report on appellants and arguing that the notice filed with the trial court and
service of the report on the Clinic constituted constructive or a good-faith
effort at service of process on appellants.  

On October 28, 2009, the trial court
held a hearing on the motions to dismiss, but asked the parties for further
briefing and closed the hearing without ruling.  On March 10, 2010, the trial
court held a second hearing on the motions to dismiss, after which it allowed
Alonzo fourteen additional days to file her brief.  On May 5, 2010, the trial
court held its final hearing, at which it denied appellants' motions to
dismiss.  This interlocutory appeal followed.  See Tex. R. App. P. 28.1; Tex. Civ. Prac. & Rem. Code. Ann. §
51.014(a)(9) (Vernon 2008) (authorizing an interlocutory appeal of the denial
of a motion to dismiss filed under section 74.351(b)).

II. 
Standard of Review

 

            We review a trial court's decision on a
motion to dismiss under section 74.351 of the civil practice and remedies code
for abuse of discretion.  Jernigan v. Langley, 195 S.W.3d 91, 93 (Tex.
2006); Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d
873, 878 (Tex. 2001).  The trial court abuses its discretion if it acts
unreasonably or arbitrarily or without reference to any guiding rules or
principles.  Walker v. Gutierrez, 111 S.W.3d 56, 62 (Tex. 2003).  

III. 
Discussion

 

            By one issue, appellants argue that the trial
court abused its discretion in denying their motions to dismiss because Alonzo
failed to timely serve her expert reports on appellants within the 120-day
deadline provided by section 74.351.  We agree.

Under section 74.351, a claimant must
"serve on each party or the party's attorney" an expert report and
curriculum vitae "not later than the 120th day after the date the original
petition was filed."  Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(a).  The 120-day deadline is strict,
and although it may lead to harsh results, "the Legislature [nonetheless]
imposed the deadline as part of its effort to reduce excessive frequency . . .
of health care liability claims."  Ogletree v. Matthews, 262 S.W.3d
316, 320 (Tex. 2007) (internal quotations omitted); see Estate of Regis v.
Harris County Hosp. Dist., 208 S.W.3d 64, 68 (Tex. App.–Houston [14th
Dist.] 2006, no pet.).  When a health care liability plaintiff wholly fails to
serve her expert report on a defendant within 120 days, the trial court is
without discretion to deny the defendant's motion to dismiss.  Ogletree,
262 S.W.3d 319-20; see Valley Baptist Med. Ctr. v. Azua, 198 S.W.3d 810,
815-16 (Tex. App.–Corpus Christi 2006, no pet.).  Here, it is undisputed that
Alonzo failed to serve her expert report on appellants within the 120-day
deadline.  Despite this, the trial court denied appellants' motions to
dismiss—it lacked the discretion to do so.

Alonzo responds that by (1) serving the
Clinic, at which she alleges appellants were employees or associates, and (2)
filing the expert report with the district court, she made a good-faith effort
to comply with section 74.351.  Alonzo also responds that the 120-day deadline
should be tolled in this case because appellants failed to timely provide
medical records as required by section 74.051 of the civil practices and
remedies code.  See Tex. Civ.
Prac. & Rem. Code Ann. § 74.051(d) (Vernon 2005) ("All parties
shall be entitled to obtain complete and unaltered copies of the patient's
medical records from any other party within 45 days from the date of receipt of
a written request for such records . . . .").  Finally, Alonzo responds
that to dismiss under the facts of this case would be an inequitable death
penalty sanction that violates the open courts provision of the Texas
Constitution.  See Tex. Const.
art. I, § 13 ("All courts shall be open, and every person for an injury
done him, in his lands, goods, person or reputation, shall have remedy by due
course of law.").  We are not persuaded by Alonzo's responses.

First, the requirement in section 74.351
that a plaintiff serve her expert report on each party within 120 days is not
subject to any good-faith exception.  See Offenbach v. Stockton, 285
S.W.3d 517, 521 (Tex. App.–Dallas 2009, no pet.) ("Unlike former article
4590i, which gave a claimant two opportunities to seek an extension of time in
which to furnish an expert report, former section 74.351(a) does not contain a
'due diligence' or 'good cause' exception." (citations omitted));
Estate of Regis, 208 S.W.3d at 68 ("In repealing article 4590i and
enacting Civil Practice and Remedies Code chapter 74, the legislature specifically
removed the trial court's ability to grant an extension based on a plaintiff's
diligence."); Kendrick v. Garcia, 171 S.W.3d 698, 705 (Tex.
App.–Eastland 2005, pet. denied) ("As a result of the omission of the
'accident or mistake' exception in Section 74.351, we conclude that the new
statute precludes the existence of a good faith exception to the requirement of
timely serving expert reports.").  Rather, section 74.351 creates only two
exceptions to the 120-day deadline:  (1) the parties agree to an extension; or
(2) the trial court is permitted to grant one thirty-day extension to the
plaintiff to cure a deficient but otherwise timely report.  See Tex. Civ. Prac. & Rem. Code Ann. §
74.351(a), (c); Badiga v. Lopez, 274 S.W.3d 681, 685 (Tex. 2009); Valley
Baptist Med. Ctr., 198 S.W.3d at 814-15.  Neither exception applies in this
case.  The parties did not agree to extend the deadline.  And no timely but
deficient report was served on appellants such that Alonzo could invoke the
thirty-day extension.  

 

Further, while Alonzo urges us to
conclude that "serve" is not defined in section 74.351 and thus rule
21a, governing service of process, does not apply to the expert report
requirement, our precedent and the clear precedent of other courts in Texas
indicate otherwise.  See Tex. R.
Civ. P. 21a.  A health care liability plaintiff's service of her expert
report must comply with rule 21a.  Salinas v. Dimas, 310 S.W.3d 106, 108
(Tex. App.–Corpus Christi 2010, pet. denied); Fulp v. Miller, 286 S.W.3d
501, 510 (Tex. App.–Corpus Christi 2009, no pet.) (op. on reh'g); Univ. of
Tex. Health Sci. Ctr. at Houston v. Gutierrez, 237 S.W.3d 869, 872 (Tex.
App.–Houston [1st Dist.] 2007, pet. denied); Kendrick, 171 S.W.3d at
704.  Under rule 21a, service may be accomplished by:  

[D]elivering a copy
[of the report] to the party to be served, or the party's duly authorized agent
or attorney of record . . . either in person or by agent or by courier
receipted delivery or by certified or registered mail, to the party's last
known address, or by telephonic document transfer to the recipient's current
telecopier number, or by such other manner as the court in its discretion may
direct.

 

Tex. R. Civ. P.
21a.  Service of the expert report on the Clinic—which was sued separately from
and had a different attorney than appellants—was not a method of service
authorized by rule 21a and thus did not effectuate service on appellants.  See
id.; see also Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(a) (requiring that the expert
report be served on "each party or the party's attorney"
(emphasis added)).  And service may not be accomplished under section 74.351 by
filing a copy of the expert report with the trial court.  See Offenbach,
285 S.W.3d at 521 ("[F]iling [the expert report] with the petition does
not comply with the statute."); Thoyakulathu v. Brennan, 192 S.W.3d
849, 851 n.3, 853-54 (Tex. App.–Texarkana 2006, no pet.) (holding that the
trial court abused its discretion in denying the defendant's motion to dismiss
where the plaintiff filed its expert report with the court but failed to timely
serve it on the defendant because of a facsimile machine malfunction); see
also Acosta v. Chheda, No. 01-07-00398-CV, 2007 WL 3227650, at *2 (Tex.
App.–Houston [1st Dist.] Nov. 1, 2007, pet. denied) (mem. op.) ("[F]iling
an expert report with the district clerk does not satisfy 'service' on a party
under section 74.351(a)." (citations omitted)); Quint v. Alexander,
03-04-00819-CV, 2005 WL 2805576, at *2-3 (Tex. App.–Austin Oct. 28, 2005, pet.
denied) (mem. op.) (same); cf. Kendrick, 171 S.W.3d at 704 n.5 (noting
that placement of an expert report in box for attorneys at district clerk's
office did not comply with rule 21a).

Second, a defendant health care
provider's failure to provide medical records requested under section 74.051
does not toll the 120-day expert report deadline.  Estate of Regis, 208
S.W.3d at 68 (rejecting the plaintiff's argument that the defendant's failure
to provide medical records for two years following the plaintiff's request
under section 74.051(d) entitled the plaintiff to an equitable extension of
time for filing her expert report); see also Garza v. Saenz, No.
13-09-00111-CV, 2010 WL 746712, at *2 (Tex. App.–Corpus Christi Mar. 4, 2010,
no pet.) (mem. op.) ("A claimant's efforts to obtain medical records under
section 74.051 do not serve to toll or extend the expert report
deadline.").  Thus, whether appellants produced the records requested by
Alonzo—an issue that is disputed by the parties—is irrelevant for the purposes
of determining compliance with the expert report requirement.

Finally, it is well-settled that section
74.351's strict requirement for timely service of an expert report does not
violate the open courts provision of the Texas Constitution.  See Powell v.
Clements, 220 S.W.3d 138, 140 (Tex. App.–Waco 2007, pet. denied) (holding
that the expert report requirement does not impose unreasonable or arbitrary
restrictions in violation of the open courts provision of the Texas
Constitution); Herrera v. Seton Nw. Hosp., 212 S.W.3d 452, 461-62 (Tex.
App.–Austin 2004, no pet.) (holding that the statute did not violate the open
courts doctrine where the plaintiff "did not produce any evidence that the
requirements of section 74.351 worked to prevent him from pursuing his
claim" and, in fact, admitted that his failure to timely serve his expert
report was the "result of the inadvertent failure to deliver
documents"); Perry v. Stanley, 83 S.W.3d 819, 825 (Tex. App.–Texarkana
2003, no pet.) (citing Gill v. Russo, 39 S.W.3d 717, 718-19 (Tex.
App.–Houston [1st Dist.] 2001, pet. denied)) (holding that section 74.351's
requirement for early expert reports is rationally related to the purpose of
the statute to discourage frivolous malpractice suits and does not violate the
open courts provision of the Texas Constitution).  In fact, Texas courts have
consistently held that the expert report requirement passes muster on a variety
of constitutional grounds.  See, e.g., Wilson-Everett v. Christus St.
Joseph, 242 S.W.3d 799, 802-804 (Tex. App.–Houston [1st Dist.] 2007, pet.
denied) (section 74.351 does not violate separation of powers provision of
Texas Constitution); Thoyakulathu, 192 S.W.3d at 855-56 (Tex.
App.–Texarkana 2006, no pet.) (due process does not require "exceptions
[to the expert report requirement] that would encompass any conceivable
complication in order to pass constitutional muster"); Herrera, 212
S.W.3d at 461-62 (section 74.351 does not violate due process of law); Schrop
v. Baptist Mem'l Health Sys., 5 S.W.3d 727, 736-37 (Tex. App.–San Antonio
1999, no pet.) (dismissal of claim due to failure to comply with expert report
requirement, even if claim is meritorious, does not offend due process); see
also Etheredge v. McCarthy, No. 05-05-00164-CV, 2006 WL 1738258, at
*1, (Tex. App.–Dallas June 27, 2006, no pet.) (mem. op.) (dismissal imposed as
a direct result of plaintiff's failure to file an expert report in compliance
with the statutory deadline was appropriate and did not violate the due process
clause).  We are therefore unpersuaded by Alonzo's constitutional argument.

In sum, Alonzo did not comply with the
plain, clear, and strict requirements of section 74.351 when she failed to
serve her expert reports on appellants within the 120-day period as prescribed
by the statute.  See Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(a); Ogletree, 262 S.W.3d at
320; Estate of Regis, 208 S.W.3d at 68.  In denying appellant's motion
to dismiss, the trial court acted without reference to the guiding laws and
principles enumerated above and, therefore, abused its discretion.  See Ogletree,
262 S.W.3d 319-20; Valley Baptist Med. Ctr., 198 S.W.3d at 815-16. 
Appellants' sole issue is sustained.

IV. 
Conclusion

 

            We reverse the order of the trial court
denying appellants' motion to dismiss; render judgment dismissing Alonzo's suit
against appellants with prejudice; and remand for a determination of attorneys'
fees and costs owed to appellants, as required by section 74.351.  See Tex. Civ. Prac. & Rem. Code Ann. §
74.351(b).

 

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Delivered
and filed the 

3rd
day of March, 2011.









[1]
The Women's Clinic of South Texas is not a party to this appeal.