

NUMBER 13-12-00025-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ARACELI GARZA,                                                                                      Appellant,

v.

RICHARD CARLSON, M.D.,                                                                      Appellee.

### On appeal from the 117th District Court
### of Nueces County, Texas.

# O P I N I O N

### Before Justices Rodriguez, Garza and Perkes
### Opinion by Justice Garza

Appellant, Araceli Garza, challenges the dismissal of her health care liability claim against appellee, Richard Carlson, M.D., for her failure to timely file an expert report. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West 2011). By a single issue, Garza contends that the time for filing an expert report was tolled until the default judgment against Dr. Carlson was set aside, and that the trial court therefore erred in

granting Dr. Carlson's motion to dismiss. We reverse and remand.

## I. BACKGROUND

In 2008, Dr. Carlson performed surgery on Garza to repair a torn rotator cuff. Garza then underwent physical therapy but reported increasing pain and decreased range of motion in her shoulder. Dr. Carlson did not recommend any additional treatment. A second doctor diagnosed adhesive capsulitis—otherwise known as a "frozen shoulder"—and ordered magnetic resonance imaging ("MRI") to determine the cause. Dr. Carlson reviewed the MRI but made no additional recommendations. Garza then went to a third doctor, Anil Dutta, M.D., who diagnosed her as having suffered a dehiscence, or detachment, of the deltoid muscle following her surgery. According to Garza, Dr. Dutta attempted to correct the injury through additional surgery, but the additional surgery was unsuccessful due to the significant amount of time that had passed since the initial surgery.

Garza filed her medical malpractice suit against Dr. Carlson on May 14, 2010, and Dr. Carlson was served with citation on June 16, 2010. Dr. Carlson was therefore required to file an answer on or before July 12, 2010. *See* TEX. R. CIV. P. 99(b) (requiring citation to state that defendant must file an answer "on or before 10:00 a.m. on the Monday next after the expiration of twenty days after the date of service" of citation). He did not file an answer by that date. Default judgment as to liability was later rendered against Dr. Carlson on March 30, 2011. *See* TEX. R. CIV. P. 239.

Subsequently, on April 18, 2011, Dr. Carlson filed an answer and motion for new trial seeking to set aside the default judgment. The trial court granted the motion on April 27, 2011.

On June 27, 2011, Garza filed a medical expert report, along with the expert's

2

curriculum vitae, pursuant to chapter 74 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). Dr. Carlson then moved to dismiss Garza's suit, contending that the expert report was untimely. *See id.* (requiring service of the expert report "not later than the 120th day after the date the original petition was filed"). The trial court granted the motion and dismissed the suit. This appeal followed.

## II. Discussion

We review a trial court's order granting a motion to dismiss for failure to comply with chapter 74's expert report requirement under an abuse of discretion standard. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001); *see Salinas v. Dimas*, 310 S.W.3d 106, 108 (Tex. App.—Corpus Christi 2010, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *Salinas*, 310 S.W.3d at 108 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). However, a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). Therefore, when the issues are purely questions of law, as here, we effectively conduct a de novo review. *Id.* (citing *Pallares v. Magic Valley Elec. Coop.*, 267 S.W.3d 67, 69–70 (Tex. App.—Corpus Christi 2008, pet. ref'd); *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989) (holding that "matters of statutory construction are questions of law for the court to decide rather than issues of fact")).

Garza contends that her expert report was in fact timely, and therefore, the trial court erred in granting Dr. Carlson's motion to dismiss. In particular, she claims that the time period prescribed by chapter 74 for the filing of an expert report was tolled between July 12, 2010, the deadline for Dr. Carlson to file an answer, and April 27, 2011, when

3

the trial court set aside the default judgment.[1]  On the other hand, Dr. Carlson contends that the trial court did not err in dismissing the suit because the tolling of the expert-report deadline triggered by his failure to timely file an answer ceased as of April 18, 2011, the date he filed his answer.[2]

In 2008, the Texas Supreme Court considered a similar case in *Gardner v. U.S. Imaging, Inc.*, 274 S.W.3d 669, 671 (Tex. 2008) (per curiam).  There, a medical defendant, SADI, failed to timely answer the health care liability suit filed by plaintiffs, the Gardners.  *Id.*  Prior to the expiration of the 120-day expert report deadline, a default judgment was rendered against SADI.  *Id.*  Upon learning of the default judgment, SADI filed an answer, along with a motion for new trial and motion to set aside the default judgment.  *Id.* at 670.  The trial court granted the motion to set aside the default judgment.  *Id.*  The Gardners then served a chapter 74 expert report on SADI, but SADI moved to dismiss the suit on the basis that the expert report was untimely.  *Id.*  The trial court agreed and granted the motion.  *Id.*  The Supreme Court reversed, however, reasoning as follows:

> The statute does not specify the effect of a default judgment on the 120-day period.  But the effect of default on a plaintiff's claim for unliquidated damages is clear:  once a default judgment is taken, all factual allegations contained in the petition, except the amount of damages, are deemed admitted.  *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992).  In light of the expert-report requirement's dual purpose to inform the served party of the conduct called into question and to provide a basis for the trial court to conclude that the plaintiff's claims have merit, it

---

[1] 409 days elapsed between the filing of Garza's petition on May 14, 2010 and the service of her expert report on June 27, 2011; 289 days elapsed between the deadline for Dr. Carlson to file an answer and the date the trial court set aside the default judgment.  Accordingly, if the time period for filing a chapter 74 expert report is deemed to have been tolled between the date Dr. Carlson was required to file an answer and the date the default judgment was set aside, the expert report will be deemed timely.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West 2006).

[2] 280 days elapsed between the deadline for Dr. Carlson to file an answer and the date he actually did file an answer, April 18, 2011.  Accordingly, if the time period for filing a medical expert report is deemed to have been tolled for only this period, Garza's expert report will be deemed untimely.

makes little sense to require service of an expert report on a party who by default has admitted the plaintiff's allegations. Moreover, our jurisprudence requires that, for a default judgment to be set aside, the plaintiff must be placed "in no worse position than he would have been had an answer been filed . . . ." *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 125 (Tex. 1939). Accordingly, when SADI failed to timely answer the Gardners' suit by the Monday following the expiration of twenty days after it was served, *see* TEX. R. CIV. P. 99(b), the statutory period for serving it with an expert report was tolled until such time as SADI made an appearance. Once the default judgment was set aside and SADI filed an answer, tolling ended and the Gardners had 100 days remaining in which to serve SADI with an expert report. SADI filed an answer in the original suit on February 12, and the Gardners served it with an expert report on March 20, well within the remaining statutory period.

*Id.* at 671. The *Gardner* Court made clear that the tolling of the expert report timeline commences at the time the defendant's answer was due to be filed. *See id.* The question presented by this appeal is: in a case where a default judgment has been rendered, when does the tolling end?

Dr. Carlson contends that the tolling ended immediately upon the untimely filing of his answer to Garza's suit. In support of this position, Dr. Carlson cites *Morris v. Umberson*, 312 S.W.3d 763 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). That case also involved a health care liability defendant failing to timely file an answer to a plaintiff's suit. *Id.* at 764. The plaintiff, Umberson, moved for default judgment against Dr. Morris, the defendant. *Id.* However, before the trial court could rule on Umberson's motion, Dr. Morris filed an answer to Umberson's suit. *Id.* Three days later, Umberson served his chapter 74 expert report on Dr. Morris. *Id.* Dr. Morris moved to dismiss on the basis that the report was untimely, having been filed more than 120 days after Umberson's petition.[3] *Id.* The trial court denied the motion and the appeals court

---

[3] Dr. Morris also moved to dismiss on the basis that Umberson's expert report was inadequate. *Morris v. Umberson*, 312 S.W.3d 763, 764 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The trial court agreed that the report was inadequate but denied the motion to dismiss and instead granted

5

affirmed. *Id.* On appeal, Dr. Morris contended that the expert report time period was not tolled at all because, unlike in *Gardner*, there was never any default judgment rendered against him. *Id.* The First District Court of Appeals disagreed, and noted that:

> [T]he triggering event in *Gardner* for the tolling of the statutory period was not the granting of the default judgment, but rather the defendant's failure to timely answer. The tolling ended in *Gardner* when the facility answered, not when the default judgment was set aside. That the trial court had granted a default judgment was not dispositive to the supreme court's holding.

*Id.* at 767 (citations omitted). Dr. Carlson argues that this holding in *Umberson* compels a conclusion that it was the filing of his answer, not the setting aside of the default judgment, that stopped the tolling of the expert report timeline.

We disagree. The *Umberson* court was correct in observing that the tolling ended in *Gardner* as soon as SADI filed its answer. However, the *Gardner* Court did not conclude that the *filing of the answer alone* was sufficient to stop the tolling. To the contrary, the *Gardner* Court stated explicitly that tolling ended only "[o]nce the default judgment was set aside *and* SADI filed an answer . . . ." *Gardner*, 274 S.W.3d at 671 (emphasis added). That is, in cases where a default judgment has been rendered, the tolling of the statutory expert report period continues until both (1) the default judgment has been set aside *and* (2) the defendant has filed an answer. *See id.* In *Gardner*, because SADI filed its answer *after* the default judgment was set aside, it was the filing of the answer that triggered the end of the tolling period, as *Umberson* recognized.[4]

---

Umberson a thirty-day extension to file a compliant report. *Id.*; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c) (West 2011). The appeals court concluded that the trial court did not err in granting the extension. *Umberson*, 312 S.W.3d at 770–71.

[4] The *Umberson* court stated that the granting of a default judgment was "not dispositive" to the *Gardner* ruling. *Id.* at 767. We agree with this statement, but we note that the default judgment was "not dispositive"—and the filing of SADI's answer *was* dispositive—only because SADI filed its answer *after* the default judgment was set aside. In other words, if SADI had filed its answer *prior* to the setting aside of the default judgment, then the tolling would not have stopped until the default judgment was set aside.

6

*See Umberson*, 312 S.W.3d at 767. But the *Gardner* Court made clear that both the setting aside of the default judgment *and* the filing of defendant's answer were necessary conditions for the tolling to stop. *See Gardner*, 274 S.W.3d at 671.

Here, Dr. Carlson filed his answer *before* the default judgment was set aside. At the time he filed his answer, therefore, the default judgment was still in effect and still operated as a deemed admission by Dr. Carlson of all factual allegations regarding liability. *See id.* ("[O]nce a default judgment is taken, all factual allegations contained in the petition, except the amount of damages, are deemed admitted."). And, as the *Gardner* Court noted, "it makes little sense to require service of an expert report on a party who by default has admitted the plaintiff's allegations." *Id.* Once the default judgment was set aside, however, the factual allegations were no longer deemed admitted. Accordingly, the statutory time period for Garza to file her expert report was tolled from the date Dr. Carlson's answer was due—July 12, 2010—to the date that the default judgment was set aside—April 27, 2011. Garza's expert report was therefore timely and the trial court erred in dismissing her suit. We sustain Garza's sole issue.

## III. CONCLUSION

The trial court's judgment is reversed and we remand for further proceedings consistent with this opinion.

_____
DORI CONTRERAS GARZA,
Justice

Delivered and filed the
6th day of December, 2012.

---

In such a case, the setting aside of the default judgment would have been dispositive—but those were not the facts confronting the *Umberson* court.