# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00576-CV

**The Estate of Richard Earl Allen, by its Beneficiaries, Sidney Abbot Allen and Tammy Lynn Allen-Schulz; and Sidney Abbott Allen and Tammy Lynn Allen-Schulz, Individually, Appellants**

**v.**

**Scott & White Clinic; Scott & White Memorial Hospital; Scott, Sherwood and Brindley Foundation; and Does I Through X, and Does XI Through XX, Appellees**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT NO. 230,215-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## C O N C U R R I N G   A N D   D I S S E N T I N G   O P I N I O N

The majority concludes that the trial court properly granted Scott & White's motion to dismiss because the 120-day period for serving an expert report continued to run even after the Estate nonsuited its claims, with no tolling of the deadline during the period between the nonsuit and the refiling of same healthcare liability claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (West 2011). This is a position that even Scott & White does not advocate on appeal.[1] Because I would hold that the filing of a nonsuit tolls the 120 days for the period between the filing of the nonsuit and the refiling of the same claim, I respectfully dissent from that portion of the majority

---

[1] In its brief, Scott & White states that "the Allens *were* arguably entitled to a tolling of the original 120-day deadline, thereby giving them two more days, at the time they re-filed their lawsuit, to serve their report on Scott [&] White since they nonsuited their First Lawsuit on day 118." (Emphasis in original.)

opinion. I concur in the judgment, however, because I would affirm the trial court's order of dismissal on the ground that the Estate failed to establish its entitlement to a due-diligence exception to the 120-day deadline for filing an expert report.

Under Texas Rule of Civil Procedure 162, a plaintiff may take a nonsuit "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence." Tex. R. Civ. P. 162. Absent special statutory provisions providing otherwise, a plaintiff has an "absolute right" to take a nonsuit. *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59 (Tex. 1991). While the effect of a nonsuit is to return the parties to the legal position they were in before suit was filed, Texas courts have relied on the reasoning of *Mokkala v. Mead*, 178 S.W.3d 66, 71, 76 (Tex. App.—Houston [14th Dist.] 2005, pet. denied), to hold that a plaintiff who nonsuits a health care liability claim is not entitled to start over with a new 120-day period for serving an expert report upon filing a subsequent suit alleging the same claims against the same defendant. *See, e.g.*, *Davis v. Baker*, No. 03-10-00324-CV, 2010 Tex. App. LEXIS 10317, at *7 (Tex. App.—Austin Dec. 22, 2010, no pet.) (mem. op.); *Runcie v. Foley*, 274 S.W.3d 232, 236 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Daughtery v. Schiessler*, 229 S.W.3d 773, 775 (Tex. App.—Eastland 2007, no pet.).

In *Mokkala*, however, the court was not faced with the issue presented here because the plaintiffs took a nonsuit after the expiration of the 120-day period and therefore would not have benefited from the applicability of tolling. *See* 178 S.W.3d at 68 n.3. The court expressly declined to reach the question of whether tolling might apply, stating, "We . . . need not decide whether filing of a nonsuit before the expiration of the 120-day period would toll the 120 days for the period that

2

elapses between the filing of the nonsuit and the refiling of the same health care liability claim." *Id.* This Court has also previously identified this issue but declined to express an opinion, leaving open the question of whether tolling applies when a health care liability claim is nonsuited prior to the 120-day deadline. *See Hayes v. Carroll*, 314 S.W.3d 494, 501 n.5 (Tex. App.—Austin 2010, no pet.).

The Texas Supreme Court has applied the concept of tolling in the context of the 120-day deadline for serving an expert report. *See Gardner v. U.S. Imaging, Inc.*, 274 S.W.3d 669, 671 (Tex. 2008). In *Gardner*, the plaintiffs obtained a default judgment against the defendant before the deadline for serving the expert report, but the defendant later appeared in the suit, filing an answer, a motion for new trial, and a motion to set aside the default judgment. *Id.* at 670. The defendant then moved to dismiss the suit, arguing that the plaintiffs failed to serve it with an expert report within the statutory deadline. *Id.* at 671. Noting that the "statute does not specify the effect of a default judgment on the 120-day period," the Supreme Court held that when the defendant defaulted, "the statutory period for serving it with an expert report was tolled until such time as [it] made an appearance." *Id.* Once the default judgment was set aside, "tolling ended and the [plaintiffs] had 100 days remaining" in which to serve the expert report. *Id.*[2]

---

[2] The court's reasoning in *Gardner* was based, in part, on the fact that a defaulting party is deemed to have admitted the merits of the plaintiffs' claims. *See Gardner v. U.S. Imaging, Inc.*, 274 S.W.3d 669, 671 (Tex. 2008); *see also American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001) (stating that expert-report requirement serves purpose of "attempting to reduce frivolous lawsuits"). The applicability of tolling to the filing of a voluntary nonsuit is also consistent with the legislative intent of reducing frivolous suits, as it would allow a litigant questioning the strength of his healthcare liability claim to file a nonsuit without fear of a procedural bar in the event that subsequent investigation reveals the claim to have merit. This would encourage nonsuits of truly frivolous claims, while preserving the opportunity for those plaintiffs

3

As in *Gardner*, the statute does not address the situation presented here, as it does not specify the effect of a nonsuit on the 120-day deadline. In light of the Texas Supreme Court's reliance on the concept of tolling in circumstances not specifically addressed by the statute, I would hold that the statutory deadline is tolled for the period between the filing of a nonsuit and the subsequent refiling of the same claim against the same defendant. *See id.* Accordingly, I respectfully dissent from the majority's determination that tolling does not apply.

Having determined that the Estate was entitled to the benefit of tolling in this case, I would proceed to address the Estate's argument that its expert report should have been considered timely served because it exercised due diligence in attempting to serve the report within 120 days. The Texas Supreme Court has indicated that there may be a due-diligence exception to the 120-day deadline for serving an expert report. *See Stockton v. Offenbach*, 336 S.W.3d 610, 616 (Tex. 2011) (observing that "[t]he word 'served' is not defined in Chapter 74, but its meaning under common law includes the notions of due diligence and relation back"). Even if such an exception exists, however, the record in this case does not contain sufficient evidence to determine that the Estate used due diligence in its attempt to serve the expert report.

Assuming the concept of tolling applies, the Estate requested service of its expert report on what would be considered the 118th day after it filed suit, with service to be performed by

---

with non-frivolous claims to refile and pursue their claims. *See Hernandez v. Ebrom*, 289 S.W.3d 316, 321 (Tex. 2009) ("[B]y requiring timely expert reports, the Legislature intended to reduce frivolous claims; it indicated no intent to preclude meritorious claims."); *see also id.* at 329 (Jefferson, C.J., dissenting) ("It is . . . myopic to presume that the Legislature built a one-way ratchet to protect only the health care industry. The Legislature's directive that the civil justice system repel weak claims stands alongside its insistence that malpractice be penalized.").

the local sheriff's department.  It is undisputed, however, that the sheriff did not actually serve the expert report on Scott & White until four days later, after the 120-day deadline had expired.  There is no indication that the Estate followed up with the sheriff's department to confirm that service had been performed, made the urgency of its service request known to the sheriff's department, or otherwise attempted to ensure that the report would be served by the deadline.  Under these circumstances, it would not have been an abuse of discretion for the trial court to have determined that the Estate failed to establish due diligence in attempting to timely serve the expert report.  *See id.* at 617 (concluding that due diligence was not established where, in attempting to obtain service by publication in order to facilitate service of expert report, plaintiff failed to "convey any sense of urgency" to trial court and trial court did not grant motion for substituted service until after 120-day deadline).  Because I would affirm the trial court's order of dismissal on this ground, I concur in the majority's judgment.

_____

Diane M. Henson, Justice

Before Justices Puryear, Henson and Goodwin

Filed:   July 22, 2011

5