

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00195-CV

**RJ MERIDIAN CARE OF ALICE, LTD**. a/k/a Meridian Care of Alice,
Appellant

v.

Elias **ROBLEDO** and Eleal E. Robledo, Individually and as Heirs/Administrators and
Representatives of the Estate of Adelaida Ortiz Robledo, Deceased,
Appellees

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 13-07-52422-CV
Honorable Richard C. Terrell, Judge Presiding

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  June 25, 2014

DISMISSED FOR LACK OF JURISDICTION

RJ Meridian Care of Alice, Ltd. ("RJ Meridian Care") attempts to appeal the trial court's order that denied its motion to dismiss based on the alleged failure to file an expert report that complies with the requirements of Chapter 74 of the Texas Civil Practice and Remedies Code. Appellees have filed a motion to dismiss for lack of jurisdiction, contending the interlocutory order is not appealable.  We agree and dismiss the appeal.

BACKGROUND

Adelaida Ortiz Robledo was a patient at RJ Meridian Care's assisted nursing facility in Alice, Texas. After Ms. Robledo died, appellees filed a healthcare liability suit against RJ Meridian Care of Alice, Dr. Jifi-Bahlool, and others. The petition alleges in part that Ms. Robledo died because she was not properly treated for a wound and an infection while she was at the RJ Meridian Care facility. The petition alleges direct and vicarious liability claims against RJ Meridian Care, based on the negligent acts of its agents and employees, specifically including those of Dr. Jifi-Bahlool.

The Robledos timely served a written expert report prepared by Dr. Amit Shah on RJ Meridian Care. The report states that Dr. Jifi-Bahlool's treatment of Ms. Robledo during her stay at RJ Meridian Care fell below the standard of medical care. The report sets forth Dr. Shah's opinion that Dr. Jifi-Bahlool's "timing and choice of antibiotics given to treat wound and urine cultures[,] . . . inadequate documentation of care, wound assessments, and escalation of wound care" fell below the standard of care and contributed to Ms. Robledo's death. RJ Meridian Care filed a motion to dismiss pursuant to section 74.351(b) of the Texas Civil Practice and Remedies Code. Following a hearing, the trial court denied the motion and granted appellees a thirty-day extension of time to file an amended expert report as to RJ Meridian Care and Dr. Jifi-Bahlool. Before the date the amended report was due, RJ Meridian Care filed this interlocutory appeal. Appellees argue we lack jurisdiction over the appeal.

DISCUSSION

"[I]f a deficient report is served and the trial court grants a thirty day extension, that decision—even if coupled with a denial of a motion to dismiss—is not subject to appellate review." *Ogletree v. Matthews*, 262 S.W.3d 316, 321 (Tex. 2007); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (prohibiting appeal of order granting extension of time under section 74.351(c)).

On the other hand, if no timely expert report is filed, the trial court's order denying the motion to dismiss may be interlocutorily appealed, even if the trial court purports to grant an extension of time to file a report. *Badiga v. Lopez*, 274 S.W.3d 681, 684-85 (Tex. 2009).

In *Scoresby v. Santillan*, 346 S.W.3d 546 (Tex. 2011), the Texas Supreme Court held that to qualify as a "report" and authorize the trial court to grant an extension of time to cure any deficiencies, the expert report need only (1) be served by the statutory deadline, (2) contain the opinion of an individual with expertise that the claim has merit, and (3) implicate the defendant's conduct. *Id.* at 557. The court recognized this is a "minimal standard," but concluded it was necessary in order to avoid multiple interlocutory appeals and "appropriate to give a claimant the opportunity provided by the Act's thirty-day extension to show that a claim has merit." *Id.* "All deficiencies, whether in the expert's opinions or qualifications, are subject to being cured before an appeal may be taken from the trial court's refusal to dismiss the case." *Id.* If an expert report meets the minimal standard and the trial court grants an extension of time to cure any deficiencies in the report, the trial court's order denying a defendant's motion to dismiss is not appealable. *See id.*

Dr. Shah's report recites that he reviewed the records of RJ Meridian Care and that Ms. Robledo was treated by Dr. Jifi-Bahlool during her stay at RJ Meridian Care. Otherwise, there is no mention of RJ Meridian Care in the report. RJ Meridian Care contends that Dr. Shah's report fails to meet the "minimal standard" set out in *Scoresby* and therefore constitutes "no report" because it does not implicate the conduct of RJ Meridian Care or that of any of its agents.

RJ Meridian Care first argues the report fails to meet the *Scoresby* standard with respect to RJ Meridian Care because the report does not attribute any conduct to it. We disagree. "[W]hen a health care liability claim involves a vicarious liability theory, either alone or in combination with other theories, an expert report that meets the statutory standards as to the employee is

sufficient to implicate the employer's conduct under the vicarious theory." *Certified EMS, Inc. v. Potts*, 392 S.W.3d 625, 632 (Tex. 2013); *see Gardner v. U.S. Imaging, Inc.*, 274 S.W.3d 669, 671-72 (Tex. 2008) (per curiam) (holding that report was sufficient as to owner where petition alleged owner was vicariously liable for acts of doctor and report adequately implicated acts of doctor).

The Robledos' petition specifically pleads that Dr. Jifi-Bahlool is an agent or employee of RJ Meridian Care, that the actions complained of were committed within the course and scope of his employment with RJ Meridian Care, and that RJ Meridian Care is liable for Dr. Jifi-Bahlool's actions under the doctrine of respondeat superior. There is no contention that Dr. Shah's expert report was not timely served. The report states Dr. Shah's opinion that Dr. Jifi-Bahlool failed to meet the standard of care regarding antibiotic use, documentation of the wound, and plan for following up with the patient and states a causal relationship between Dr. Jifi-Bahlool's allegedly sub-standard care and Ms. Robledo's death. The report contains the opinion of an individual with expertise that the Robledos' claim has merit and implicates the conduct of Dr. Jifi-Bahlool. Because RJ Meridian Care is alleged to be vicariously liable for the conduct of Dr. Jifi-Bahlool, the report implicates RJ Meridian Care and meets the minimal standard set out in *Scoresby*, thus authorizing the trial court to grant an extension of time to cure all the asserted deficiencies. *See Scoresby*, 346 S.W.3d at 557.

RJ Meridian Care next argues the report is nevertheless insufficient to pass the *Scoresby* threshold because it does not set forth facts that establish an agency or employer/employee relationship between RJ Meridian Care and Dr. Jifi-Bahlool or anyone else or that otherwise show RJ Meridian Care would be vicariously liable. We again disagree. The Robledos' petition gave RJ Meridian Care notice of the claimed agency relationship and that the Robledos sought to hold it liable for the conduct of Dr. Jifi-Bahlool under a vicarious liability theory. The Robledos would be required to provide proof of that relationship to prevail on their vicarious liability theory at trial.

However, Dr. Shah is likely unqualified to provide an expert opinion on the legal relationship between Dr. Jifi-Bahlool and RJ Meridian Care. And Chapter 74 does not require such proof in an expert report. *See Cedar Senior Servs., L.P. v. Nevarez*, No. 04-13-00790-CV, 2014 WL 1047039, at \*2 (Tex. App.—San Antonio Mar. 19, 2014, no pet.); *see also Gardner*, 274 S.W.3d at 671-72 (holding that report that adequately implicated conduct of doctor was sufficient as to owner/operator of facility alleged in petition to be vicariously liable even though report did not mention owner/operator).

## CONCLUSION

Because the Robledos served an expert report that implicated RJ Meridian Care's conduct and the trial court granted an extension of time to cure the deficiencies, we do not have jurisdiction over RJ Meridian Care's appeal of the denial of its motion to dismiss. *See Ogletree*, 262 S.W.3d at 321. We therefore dismiss this appeal for lack of jurisdiction.

Luz Elena D. Chapa, Justice