**Motion for En Banc Reconsideration Denied and Concurring Opinion filed May 16, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00917-CV

---

**THE METHODIST HOSPITAL, METHODIST HEALTH CENTERS, BAYLOR COLLEGE OF MEDICINE AND DONALD T. DONOVAN, M.D., Appellants**

**V.**

**CHERYL ADDISON, Appellee**

---

**On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2017-05760**

---

## CONCURRING OPINION TO DENIAL OF MOTION FOR EN BANC RECONSIDERATION

In our December 21, 2018, opinion in this interlocutory appeal from the denial of motions to dismiss appellee Cheryl Addison's health-care liability claims against a physician and three health-care providers, we reversed the trial court's ruling as to the physician but affirmed the trial court's refusal to dismiss Addison's vicarious-

liability claims against The Methodist Hospital, Methodist Health Centers (collectively, "Methodist"), and Baylor College of Medicine. Methodist moved for en banc reconsideration, and we deny that motion today. I write separately to address Methodist's argument that the panel decided Methodist's appeal on "an argument that Addison waived and/or abandoned" or that Addison was equitably estopped from making.

## I. BACKGROUND

To briefly recap, Addison pleaded that she was injured when she was given the wrong medication by a student registered nurse anesthetist. Addison alleged both that the medication mix-up was due to the negligence of Methodist's pharmacy personnel and that the error was caused by the negligence of the student nurse while the student was "acting within the course and scope of his studies, responsibilities, employment, and/or agency as a student, agent, servant, and/or employee, of Defendant Baylor College of Medicine *and/or* Methodist."[1]

In the trial court, Methodist objected that Addison's expert reports were insufficient because "they do not implicate the conduct of the hospital, or any of its employees, and they do not indicate the claim against the hospital defendants has merit." Addison responded, "Methodist is a party to this lawsuit for the reason that it is vicariously liable for the conduct of its pharmacy staff." In the trial court and in their appellate briefing, Methodist and Addison disputed whether the expert reports were sufficient as to the Methodist pharmacy staff, but the parties did not join issue as to whether the expert reports implicating the student nurse were sufficient to show that the claims against Methodist were meritorious.

---

[1] Emphasis added.

2

At oral argument, however, the panel drew the parties' attention to the language of Addison's pleading alleging that the student nurse was the "student, agent, servant, and/or employee, of Defendant Baylor College of Medicine *and/or* Methodist." Addison's counsel explained that he pleaded that the student nurse was "a Baylor and/or a Methodist employee" because it was not yet known "who was controlling the details of the work at that point in time for that that particular nurse." In a post-submission brief, Methodist argued that Addison was barred from relying on the allegation by waiver, abandonment, or equitable estoppel. Addison did not respond to the post-submission briefing.

We held in our opinion that Addison's expert reports were sufficient to show that the student nurse's breach of the standard of care proximately caused Addison's injuries, and because Addison alleged that Baylor "and/or" Methodist were vicariously liable for the student nurse's negligence, the expert reports were sufficient as to Methodist; however, we did not address Methodist's waiver, abandonment, and equitable-estoppel arguments.

In its motion for en banc reconsideration, Methodist reurged its post-submission waiver argument and incorporated by reference its post-submission briefing on waiver, abandonment, and equitable estoppel. In her response to the motion, Addison argued that her briefing in the trial court and on appeal maintaining that Methodist is vicariously liable for the conduct of its pharmacy staff is not inconsistent with its additional allegation that Baylor "and/or" Methodist are liable for the conduct of the student nurse. I agree, and I join in the Court's denial of Methodist's motion for en banc reconsideration. I write separately to explain my reasons for rejecting Methodist's waiver, abandonment, and equitable-estoppel arguments.

3

## II. ANALYSIS

In *Greene v. Farmers Insurance Exchange*, the Supreme Court of Texas wrote, "We do not consider *issues* that were not raised in the courts below, but parties are free to construct new *arguments* in support of issues properly before the Court." 446 S.W.3d 761, 764 n.4 (Tex. 2014). The frequency with which the high court has cited this language lends the *Greene* principle further emphasis. *See, e.g.*, *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 896–97 (Tex. 2018); *Miller v. JSC Lake Highlands Operations, LP*, 536 S.W.3d 510, 513 n.5 (Tex. 2017); *Green v. Dall. Cty. Sch.*, 537 S.W.3d 501, 505–06 (Tex. 2017).

The issue Methodist presented for review was, "The trial court abused its discretion by denying Methodist's section 74.351 Motion to Dismiss because Addison served 'no report' as to Methodist." Because Addison "defended the adequacy of the report in the trial court, . . . we may address her arguments on that issue," regardless of whether she raised in the trial court the argument that we find persuasive on appeal. *Miller v. JSC Lake Highlands Operations, LP*, 536 S.W.3d 510, 513 n.5 (Tex. 2017) (per curiam); *cf. Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 896 (Tex. 2018) (explaining that if an issue was raised in the trial court, a litigant "was not required on appeal or at trial to rely on precisely the same case law or statutory subpart that we now find persuasive").

*Greene* and its progeny illustrate that a party can make a new argument in support of an existing issue even later than was done in this case. In *Greene*, an insurer denied a homeowner's claim for fire damage to his vacant residence on the ground that the policy suspended coverage after sixty days' vacancy. *Greene*, 446 S.W.3d at 763. Greene argued that the insurer was precluded from relying on the vacancy clause due to the state's anti-technicality statute and because the vacancy was unrelated to the loss and did not prejudice the insurer. *Id.* at 764. The parties

4

filed cross-motions for summary judgment on these grounds, and the trial court granted Greene's motion and denied the insurer's. *Id.* at 763. The court of appeals reversed and rendered judgment for the insurer, *see id.* at 764, and the Supreme Court of Texas granted Greene's petition for review.

In the insurer's response brief on the merits, it argued for the first time that an insured could obtain fire coverage during periods of vacancy only by purchasing separate form endorsement TDP-011 at an additional premium, and that there was no evidence Greene had purchased the endorsement. *See Greene v. Farmers Ins. Exch.*, No. 12-0867, Resp. to Pet'r's Br. on the Merits, June 10, 2013, at 23, 26–27.[2] In reply, Greene argued that the insurer should be precluded from raising this argument, which had not been made in the trial court or the court of appeals. Pet'r's Br. in Reply, June 25, 2013, at 4.

The supreme court expressly rejected Greene's contention that the insurer was barred from raising a new argument. *Greene*, 446 S.W.3d at 764 n.4. Moreover, the court treated the new argument as persuasive support for the insurer's position. *See id.* at 763, 763–64, 766, 769, and 770. The court has since applied the principle in an appeal from a ruling on the sufficiency of an expert report in a health-care liability claim, allowing parties to raise arguments not raised at trial or in the intermediate appellate court. *See Miller*, 536 S.W.3d at 513 n.5 (Tex. 2017).

As in *Greene*, Addison's position that Methodist is vicariously liable as alleged for the student nurse's conduct is a new argument concerning the issue presented on appeal. And if, as in *Greene*, a court can consider a new argument raised nearly a year after the court of appeals ruled, then surely a court can consider

---

[2] All of the documents filed in Greene's appeal to the Supreme Court of Texas are available on the court's website, http://www.txcourts.gov/supreme/, by entering the appellate case number (12-0867) in the field "FIND MY CASE" at the center of the top of the page.

an argument raised at the same time that the case was submitted to the court of appeals for decision.

## A. Briefing Waiver Does Not Bar the Court's Consideration of the New Argument.[3]

Methodist nevertheless asserted in its post-submission brief that Addison cannot raise a new argument during oral argument before this Court. In support of this position, Methodist relies on briefing-waiver cases that predate *Greene*. I do not find the cited cases persuasive on this point. The appellee in *Greene* was free to make, and the Supreme Court of Texas was free to consider, an argument that was never raised in the intermediate appellate court at all, but instead was raised for the first time in a response brief on the merits before the state's court of last resort. If the Supreme Court could consider an argument raised after a much longer delay, but this Court could not consider a new argument raised after a briefer delay, then the paradoxical result would be not that Addison waited too long to raise a new argument, but that she did not wait long enough.

I do not read the law to require this result. I instead read *Greene* and its progeny as authorization to consider a belatedly raised argument.

## B. Addison Did Not Abandon the New Argument.

Methodist also contended in its post-submission brief that because Addison did not argue in the trial court or in her appellate brief that the experts' reports vicariously implicated Methodist through the actions of the student nurse, Addison had abandoned any such argument. To abandon an argument means to "give [it] up completely." NEW OXFORD AMERICAN DICTIONARY 2 (Angus Stevenson &

---

[3] The question presented by Methodist's motion for en banc reconsideration is whether this Court erred in considering an argument that Addison raised for the first time during oral argument. I conclude only that the Court properly *may* consider such a belated new argument; I express no opinion as to whether the Court *must* do so.

Christine Lindberg eds., 3d ed. 2010). Thus, we say that a plaintiff abandoned a claim in the trial court if the plaintiff failed to pursue the claim to judgment, and we say that a party abandoned an argument on appeal if the party fails to re-urge on appeal an argument that the party raised in the court below. But a litigant cannot abandon a position it has never taken. It was at oral argument that Addison first contended the experts' reports are sufficient to implicate Methodist through the student nurse's conduct; thus, she could not have abandoned that argument before oral argument, as Methodist contends.

## C. Addison is Not Equitably Estopped from Asserting the New Argument.

In a similar vein, Methodist argues that Addison is equitably estopped from arguing that the experts' reports implicate Methodist for the student nurse's conduct. I disagree that the elements of equitable estoppel, which are as follows, have been satisfied:

> The elements of equitable estoppel arising from inconsistent positions taken in judicial proceedings are (1) a party takes clearly inconsistent positions in the same or separate proceedings; (2) the position first asserted was successfully maintained or upheld; (3) the other party relied on the position first asserted; (4) adoption of the later position would result in injury or prejudice to the adverse party; and (5) where more than one action is involved, there is an identity of parties.

*In re Estate of Loveless*, 64 S.W.3d 564, 577–78 (Tex. App.—Texarkana 2001, no pet.)

Addison has not taken "clearly inconsistent" positions, as can be seen when comparing Methodist's objections to Addison's responses. Methodist objected that the experts' reports were inadequate because "they do not implicate the conduct of the hospital, or any of its employees, and they do not indicate the claim against the hospital defendants has merit." In those objections, however, Methodist erroneously stated that "Dr. Cohen's only mention of the hospital's standard of care or possible

breach thereof" were Cohen's statements that (1) experts agree that "an occurrence report should be fulfilled for quality management"; (2) he "must question whether an occurrence report or quality improvement project was undertaken" regarding the intra-operative awareness of Addison or of a prior patient, and "[i]f not, that is a deviation of the hospital standard of care"; and (3) "one must question whether the hospital pharmacists provided 'standardized' pre-prepared medications in syringes for use by anesthesiologists," which "might indicate that the [medication] mistake . . . occurred in the pharmacy." Methodist concluded that "Cohen does not state that anything the hospital defendants (or any hospital employee) did or failed to do caused the injuries to Ms. Addison." Despite Methodist's global statement, Methodist did not identify any way in which Cohen's report was insufficient as to the student nurse.

In response to Methodist's objections based on the three Cohen statements Methodist claimed were inadequate, Addison argued that the Cohen report was sufficient to implicate hospital pharmacy personnel for whom Methodist would be vicariously liable. That argument—that the experts' reports meet the statutory requirements applicable to Addison's claims against Methodist that are based on the pharmacist's conduct—is not inconsistent with the argument that the reports *also* meet the statutory requirements as to her claims against Methodist based on the student nurse's conduct. Her argument that the student nurse was Baylor's student or employee is not inconsistent with the argument that the nurse *also* was Methodist's employee or actual or ostensible agent.

Regarding the second element of equitable estoppel, it appears to be Methodist's position that the trial court denied Methodist's motion to dismiss because it agreed with Addison's argument that the experts' reports were sufficient to vicariously implicate Methodist for the conduct of its pharmacy personnel. But

we cannot make that assumption. It is at least as likely that the trial court denied the motion because the experts' reports were sufficient to vicariously implicate Methodist for the conduct of the student nurse. The trial court was required to consider the vicarious-liability allegations of Addison's pleading, because as the Supreme Court of Texas has stated, "[A]n expert report that adequately addresses at least one *pleaded* liability theory satisfies the statutory requirements, and the trial court must not dismiss in such a case." *Certified EMS, Inc. v. Potts*, 392 S.W.3d 625, 632 (Tex. 2013) (emphasis added); *see also Gardner v. U.S. Imaging, Inc.*, 274 S.W.3d 669, 672 (Tex. 2008) (per curiam) ("[*T*]*o the extent* the Gardners *allege* that SADI is liable only vicariously for Dr. Keszler's actions, the expert report requirement is fulfilled as to SADI if the report is adequate as to Dr. Keszler."). Having presumably examined the pleadings as required, the trial court would not have abused its discretion in finding that the experts' reports were sufficient to vicariously implicate Methodist for the conduct of its alleged agent, the student nurse. *See Potts*, 392 S.W.3d at 632 (explaining that if the claimant has alleged that a health-care provider is vicariously liable, then an expert report is sufficient as to that provider if it is sufficient as to the alleged agent or employee). It is unnecessary to address the remaining elements of equitable estoppel.

Finally, Methodist disputes neither that the experts' reports meet the statutory requirements regarding the student nurse's conduct, nor that Addison alleged that Methodist is vicariously liable for the student nurse's conduct under theories of agency and *respondeat superior*. Thus, the dispositive question is not whether Addison can now rely on her pleaded allegation that the student nurse is the agent or employee of Baylor "and/or" Methodist, but whether the trial court could rely on that allegation. The answer is yes, and if a trial court properly may consider all of the claimant's vicarious-liability allegations, then so too may the reviewing court.

9

I therefore concur in the denial of Methodist's motion for en banc reconsideration.


/s/     Tracy Christopher
        Justice


The En Banc Court consists of Chief Justice Frost and Justices Christopher, Wise, Bourliot, Zimmerer, Spain, Hassan, and Poissant (J. Jewell not participating).